**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMPARO CARVAJAL,<br><br>                 Plaintiff,<br><br>v.<br><br>TARGET STORES, INC., TARGET CORPORATION, KATHERINE ROBLES, as agent, servant and/or employee of Target Stores, Inc. and/or Target Corporation, JOHN DOE - RICHARD ROE, a series of fictitious names, and ABC-XYZ, CORP, a series of fictitious entities,<br><br>                 Defendants. | Civil Action No. 2:15-cv-03797-SDW-MAH<br><br>**OPINION**<br><br><br>January 11, 2016 |

**WIGENTON**, District Judge.

      Before this Court is Plaintiff Amparo Carvajal's ("Plaintiff") Motion to Remand pursuant to 28 U.S.C. § 1447.  This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, Plaintiff's Motion to Remand is **GRANTED.**

**I.**      **BACKGROUND**

      Plaintiff initially commenced this action in the Superior Court of New Jersey, Hudson County, against defendants Target Stores, Inc., Target Corporation, Katherine Robles, and fictitious defendants.  (Compl.)  The sparsely pleaded Complaint essentially alleges that Plaintiff sustained personal injuries while at a Target Store in North Bergen, New Jersey on September 29,

2013.  (*Id.*)  Plaintiff asserts five claims sounding in negligence against Defendants.  (*Id.*)  Only Target Corporation ("Defendant Target") has answered the Complaint.[1]

The Complaint alleges that Katherine Robles ("Defendant Robles") and the other defendants breached a duty "to use reasonable care to inspect and make the premises reasonably safe for the plaintiff."  (Compl. ¶¶ 3-4).  Defendant Target acknowledges that Defendant Robles "was the manager on duty at the time of plaintiff's fall" (Dkt. No. 1 ¶ 7) and "prepared the Target Guest Incident report."  (Dkt. No. 9 ¶ 12).  Plaintiff contends that Defendant Robles is a New Jersey citizen, which neither Defendant Target nor Defendant Robles deny in their submissions to the Court.  (*See generally* Mot. Remand; Robles Aff.)

Defendant Target, a Minnesota citizen, removed the action to this Court on diversity grounds.  (Dkt. No. 1.)  At that time, Plaintiff had not yet served Defendant Robles with process.  (*Id.* ¶ 8).  In response, Plaintiff now moves, pursuant to 28 U.S.C. § 1447, for an Order remanding this action to state court for lack of subject-matter jurisdiction.  Removal of the action was solely on grounds of diversity of citizenship of the parties under 28 U.S.C. § 1332 and the Complaint asserts no federal causes of action.

In her Motion, Plaintiff argues Defendant Robles is a citizen of New Jersey and a proper party to this action.  (Pl.'s Br. Supp. Mot. Remand ("Pl.'s Br. Supp.") 1.)  Thus, Plaintiff submits, no diversity jurisdiction exists.  (*Id*. at 1-2.)  Defendant Target counters that removal was proper under 28 U.S.C. § 1446(b)(2)(A), which provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  (*See* Def.'s Br. Opp'n Pl.'s Mot. Remand ("Def.'s Br. Opp'n") 2-3.)  According to Defendant Target, Defendant Robles'

---

[1] According to Target Corporation's Answer, named defendant "Target Stores, Inc." is not a proper entity.  (*See* Dkt. No. 2 at 1 (responding to Complaint only on behalf of Target Corporation and averring that Target Corporation was "incorrectly captioned as Target Stores, Inc.").)

New Jersey citizenship can be ignored because she had not been "properly joined and served" at the time of removal and, in any event, was fraudulently joined as a defendant in this action solely to defeat diversity jurisdiction. (*Id.*)

Therefore, the issue before this Court is whether Defendant Robles' New Jersey citizenship deprives this Court of subject-matter jurisdiction over Plaintiff's claims.

## II. LEGAL STANDARD

When a party moves to remand an action from federal court to state court based on a lack of subject-matter jurisdiction, the burden is on the party asserting federal jurisdiction and opposing remand to demonstrate that the case is properly before the federal court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

Under 28 U.S.C. § 1332, a district court has diversity subject-matter jurisdiction to hear "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." Even when those requirements are met, however, 28 U.S.C. § 1441(b)(2) precludes removal on diversity grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

If a court lacks subject-matter jurisdiction over an action, it does not have the authority to adjudicate the merits of the case, and any decision it renders in the absence of subject-matter jurisdiction is void. *Alston v. Kean Univ.*, 604 F. App'x 216, 217 (3d Cir. 2015); *Cruz v. U.S.*, 537 F. App'x 26, 28 (3d Cir. 2013), *cert. dismissed*, 134 S. Ct. 1568 (2014); *Abels,* 770 F.2d at 29. The presumptive rule is, thus, that a court lacks subject-matter jurisdiction based on diversity of

citizenship when a plaintiff and a defendant are citizens of the same state or when one of the defendants is a citizen of the forum state. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Sullivan v. Novartis Pharmaceuticals Corp.*, 575 F. Supp. 2d 640, 642 (D.N.J. 2008).

In opposing Plaintiff's Motion, Defendant Target seeks to employ two exceptions to the presumption that diversity jurisdiction is absent when, as here, one of the defendants is a New Jersey citizen. Defendant Target first argues that Defendant Robles' New Jersey citizenship cannot be considered because she was not "properly joined and served" at the time of removal. (Def.'s Br. Opp'n 2-3.) The removal statute provides that only defendants who are "properly joined and served" need join in or consent to removal. 28 U.S.C. § 1446(b)(2)(A). The purpose of the "properly joined and served" language is to "prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." *Sullivan*, 575 F. Supp. 2d at 645.

The second exception to diversity jurisdiction Defendant Target relies on is the doctrine of fraudulent joinder, which allows a party's citizenship to be disregarded "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Abels*, 770 F.2d at 32) (internal quotation marks omitted); *see also In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006). According to Defendant Target, Defendant Robles' New Jersey citizenship can be ignored for subject-matter jurisdiction purposes under this doctrine. (Def.'s Br. Opp'n 3-6.) However, the Third Circuit has instructed that the party asserting fraudulent joinder "has a 'heavy burden of persuasion.'" *Boyer*, 913 F.2d at 111 (quoting *Steel Valley Auth.*, 809 F.2d at 1010, 1012 n.6). "If

there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Cardillo v. Wal-Mart Stores*, Inc., No. CIV.A. 14-2879 MAS, 2014 WL 7182525, at *2 (D.N.J. Dec. 16, 2014) (quoting *Boyer*, 913 F.2d at 111) (internal quotation marks omitted).

### III. DISCUSSION

#### A. The "Properly Joined and Served" Requirement

This Court first addresses Defendant Target's argument that because Defendant Robles had not been properly served with process at the time of removal, she is not a "properly joined and served" forum defendant under 28 U.S.C. § 1446(b)(2)(A) whose citizenship can defeat diversity jurisdiction. (*See* Def.'s Br. Opp'n 2-3.) Defendant Target asks this Court to apply a literal interpretation of the "properly joined and served" language, but doing so is appropriate only where it would not "produce a result that is demonstrably at odds with the intentions of Congress." *See Frick v. Novartis Pharm. Corp.*, No. CIV. 05-5429 (DRD), 2006 WL 454360, at *3 (D.N.J. Feb. 23, 2006); *see also Briganti v. HMS Host Int'l*, No. 14-CV-4813 CCC-SCM, 2015 WL 1268300, at *2 (D.N.J. Mar. 16, 2015). However, "Congress did not add the 'properly joined and served' language in order to reward defendants for conducting and winning a race, which serves no conceivable public policy goal, to file a notice of removal before the plaintiffs can serve process." *Sullivan*, 575 F. Supp. 2d at 646. Therefore, allowing "non-forum Defendants to remove before the Plaintiffs are actually capable of serving the forum Defendants violates the intention of the forum defendant rule by permitting gamesmanship." *Williams v. Daiichi Sankyo, Inc.*, 13 F. Supp. 3d 426, 432 (D.N.J. 2014).

5

This Court finds that allowing Defendant Target to remove this action because Plaintiff has not yet been able to serve Defendant Robles, a non-diverse forum defendant, would permit the very type of gamesmanship that should be avoided. Plaintiff demonstrates that she did make efforts to serve Defendant Robles at the Target store that Defendant Robles managed and in which Plaintiff's injury occurred. (Dkt. No. 8 at 4.) Plaintiff was unable to effect service at that location, apparently because Defendant Robles is no longer employed there. (Dkt. No. 7 ¶ 7.) Plaintiff's further attempts to locate Defendant Robles have been stymied by Defendant Robles' common surname. (Dkt. No. 8 at 4-5.) Therefore, this is not a case in which Plaintiff never intended to proceed against Defendant Robles; Plaintiff simply has been unable to locate Defendant Robles to effect service of process. Under these circumstances, the fact that Defendant Robles was not "properly joined and served" as of the time of the removal does not require this Court to ignore Defendant Robles' citizenship in the forum state. *See Williams*, 13 F. Supp. 3d at 431; *Sullivan*, 575 F. Supp. 2d at 647.

**B.    Fraudulent Joinder**

Defendant Target also argues that Plaintiff has not alleged a colorable claim against Defendant Robles and that, therefore, Defendant Robles was fraudulently joined as a defendant in this action. (Def.'s Br. Opp'n 5.) According to Defendant Target, because Defendant Robles was sued entirely for actions within the scope of her employment and is not a corporate officer, Defendant Target may be held vicariously liable for Defendant Robles' alleged negligence under the doctrine of *respondeat superior*. (Id. at 3-6.) Accordingly, Defendant Target argues, Defendant Robles cannot be held individually liable. (*Id.*)[2]  Thus, the issue before this Court

---

[2] In opposition to the Motion to Remand, Defendant Robles has submitted an affidavit. ("Robles Aff.".) While consideration of an affidavit on a fraudulent joinder motion is permitted under

regarding fraudulent joinder is whether a store manager may be held liable in negligence for an injury that occurred at the store she managed while she was on duty. Precedent clearly demonstrates that the answer is in the affirmative.

Although Defendant Target argues there is no viable claim against an individual manager when her corporate employer may be held liable on a *respondeat superior* theory, this is contrary to the applicable law. Under New Jersey law, even when an employer may be held vicariously liable for an employee's negligence, *both* the employer and employee may be held jointly and severally liable. *See Briganti*, 2015 WL 1268300, at *4; *see also Cartel Corp. v. Fireco of New Jersey*, 410 A.2d 674, 680 (N.J. 1980). "[W]hen an employee performs an act that is otherwise a tort, the employee is not relieved of liability simply because he or she acted on behalf of the employer." *Cardillo*, 2014 WL 7182525, at *2 (quoting *Printing Mart–Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 762 (1989)). Therefore, any viable claim against Defendant Target under a *respondeat superior* theory does not render Defendant Robles immune from liability.

Plaintiff here has filed claims for personal injuries against both the owner-operator of the facility in which she was allegedly injured as well as against the manager of that facility who was on duty at the time of Plaintiff's alleged injury. Therefore, this Court finds that Plaintiff's claim against Defendant Robles is sufficiently colorable to overcome Defendant Target's assertion of fraudulent joinder. Accordingly this Court grants Plaintiff's Motion to Remand.

---

certain circumstances, this Court finds that nothing in the affidavit affects the outcome of this Motion, which turns upon facts that are consistent with those set forth in the affidavit.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand this action to the Superior Court of New Jersey is **GRANTED**. An appropriate order follows.[3]

s/ Susan D. Wigenton, U.S.D.J.

Orig:        Clerk
cc:          Michael A. Hammer, U.S.M.J.
                Parties

---

[3] In light of this Court's decision to grant Plaintiff's Motion to Remand, Defendant Robles' Motion to Dismiss (Dkt. No. 7) is moot.